CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 10, 2013

LETTER TO COUNSEL:

RE: *Jeffrey M. Bauer v. Commissioner, Social Security Administration*;
Civil No. SAG-12-2713

Dear Counsel:

On September 11, 2012, the Plaintiff, Jeffrey M. Bauer, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 10, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Bauer filed his claim on July 14, 2009, originally alleging disability beginning on May 1, 2007.[1] (Tr. 119-22). His date last insured was September 30, 2007. (Tr. 11). His claim was denied initially on November 19, 2009, and on reconsideration on March 12, 2010. (Tr. 59-62, 63-64). A hearing was held on December 2, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 25-54). Following the hearing, on January 18, 2011, the ALJ determined that Mr. Bauer was not disabled during the relevant time frame. (Tr. 8-24). The Appeals Council denied Mr. Bauer's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that through the date last insured, Mr. Bauer suffered from the severe impairments of obesity, lumbar degenerative disc disease, status-post left hip surgery, and status-post right knee surgery. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Bauer retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except no climbing of ropes, ladders, or scaffolds; and all other posturals are limited to occasional." (Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bauer was able to perform his past relevant work as a consulting engineer, and that he was not therefore disabled during the relevant time frame. (Tr. 19).

---

[1] At the hearing, he amended his onset date to October 23, 2006, the date he had right knee surgery. (Tr. 11).

Mr. Bauer presents four primary arguments on appeal: (1) the ALJ erred in determining his RFC; (2) the ALJ assigned inadequate weight to the opinions of his treating physicians; (3) the ALJ failed to consider Mr. Bauer's obesity; and (4) the ALJ failed to make adequate findings regarding Mr. Bauer's ability to perform his past relevant work. His arguments lack merit.

Mr. Bauer's argument regarding his RFC contains several subparts. First, he contends that the ALJ failed to provide a function by function narrative to support her conclusion. Pl. Mot. 3-6. That boilerplate argument is unpersuasive. The ALJ provided a four-page narrative discussion of the evidence supporting the RFC, including a summary of Mr. Bauer's testimony, a comprehensive review of the medical records both during and after the relevant time frame, an evaluation of the medical opinion evidence, and a summary paragraph detailing support for the determined RFC. (Tr. 15-19). Next, Mr. Bauer submits that the ALJ's opinion lacked a medical basis because the ALJ rejected all of the medical opinions. Pl. Mot. 6-7. While it is true that the ALJ did not assign "significant weight" to any opinions, an ALJ is not required to do so, nor must the ALJ parrot any particular medical opinion in determining an RFC. The ALJ did assign "little weight," not "no weight," to the opinions of treating physicians Drs. McMahon and Taragin, and to the opinions of the state agency medical consultants. (Tr. 17-19). Moreover, the ALJ cited to medical evidence and records, not in opinion form, to support the RFC she determined. *See, e.g.,* (Tr. 19) (citing the medical evidence of improvement of symptoms following surgeries, the pattern of ending treatment shortly after surgery, and discharges from care). As a result, the argument that the RFC lacks any medical basis is unfounded. Finally, Mr. Bauer contends that the RFC failed to recognize his right hip arthritis. Pl. Mot. 7. While Mr. Bauer correctly notes that an X-ray in 2005 showed osteoarthritis in both hips, the recommended treatment was only left hip replacement, and Mr. Bauer also underwent back and knee surgeries to correct other issues. (Tr. 183-91, 205-07, 219-20). Mr. Bauer has not cited, and I have been unable to find, any evidence suggesting that his right hip arthritis caused any functional limitations other than those triggered by his other impairments, or particularly that problems with his right hip affected his ability to stand or walk. As a result, I find no error in the ALJ's analysis.

Next, Mr. Bauer contests the assignment of weight to the opinions of his treating physicians, Drs. McMahon and Taragin. Pl. Mot. 7-12. Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ provided extensive analysis of both doctors' opinions. With respect to Dr. McMahon, the ALJ noted that his opinion contradicted his own treatment records, which documented successful left hip and right knee surgeries and no further treatment after April, 2007. (Tr. 18-19). With respect to Dr. Taragin, the evaluating neurologist, the ALJ noted that the opinion appeared to be substantially based on Mr. Bauer's subjective complaints and failed to account for his continuing alcohol abuse. *Id.* In fact, the ALJ noted that Mr. Bauer had provided false information to Dr. Taragin during his initial evaluation regarding his alcohol consumption. (Tr. 15). Moreover, the ALJ noted that, in contrast to Dr. Taragin's later opinion on disability, records indicated that Mr. Bauer's tremor was generally controlled with medication. (Tr. 15). My role is not to reweigh the evidence or to substitute my own judgment for that of the ALJ, but

simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, the assignments of weight should be affirmed.

Mr. Bauer next contends that the ALJ erred in evaluating his obesity. Pl. Mot. 12-16. In fact, it appears that in the relevant time frame prior to the date last insured, Mr. Bauer may not have met the clinical definition of obesity. (Tr. 14) (noting that Mr. Bauer's BMI was "just under 30" in 2007). Regardless, the ALJ found obesity to be a medically determinable and severe impairment in combination with Mr. Bauer's back, hip, and knee impairments. *Id.* However, Mr. Bauer has not cited, and I have not found, any evidence of record suggesting that his obesity created functional limitations other than those caused by his other physical impairments. The claimant carries the burden of showing how his obesity affected his ability to perform work-related functions. *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Because Mr. Bauer has not identified how his obesity limited him to a greater extent than the ALJ found, he has failed to carry his burden. *See Brown v. Astrue,* No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand.").

Finally, Mr. Bauer contends that the ALJ erred in determining that he was capable of his past relevant work. Pl. Mot. 16-18. He contends that the ALJ made no findings of fact as to the physical and mental demands of the past work as a consulting engineer, other than to find that it was light in exertion. Pl. Mot. 17. Although the ALJ's discussion in the opinion is relatively cursory, any error is harmless because it is clear that the ALJ's findings derived from the VE testimony at the hearing in Mr. Bauer's case. (Tr. 19-20). The ALJ made reference to that testimony in the opinion. (Tr. 19). The VE testified that, based upon Mr. Bauer's extensive description of his work duties at the hearing, his work "would occasionally get into the medium exertional category." (Tr. 53). However, in response to a hypothetical question posted by the VE, which tracked the additional limitations imposed in the RFC, the VE testified that a person with Mr. Bauer's restrictions as found by the ALJ would be able to perform the job of consulting engineer "as defined by the DOT."[2] *Id.* In light of that testimony, which clearly constituted the basis for the ALJ's conclusion, there is no cause to remand the case on the past relevant work determination.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 10) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

---

[2] Although the hypothetical was based on a medium level of exertion with the additional climbing and postural restrictions, the VE specifically clarified that the work, as defined by the DOT, was "at light." (Tr. 53). The fact that the ALJ found an RFC of light work therefore does not affect the VE's testimony.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge